**Opinion filed August 30, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-18-00226-CR

_____

### MISTY RAE BAILEY, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 161st District Court**
**Ector County, Texas**
**Trial Court Cause No. B-17-0373-CR**

### MEMORANDUM OPINION

The jury convicted Appellant, Misty Rae Bailey, of the offense of aggravated assault of a family member with a deadly weapon and assessed her punishment at confinement for two years and a fine of $5,000. We modify the trial court's judgment to delete a portion of the Time Payment Fee assessed as a court cost and, as modified, affirm the trial court's judgment.

Appellant's court-appointed counsel has filed in this court a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no arguable issues to present on appeal. Counsel provided Appellant with a copy of the brief, a copy of the motion to withdraw, and a copy of both the clerk's record and the reporter's record. Counsel advised Appellant of her right to review the record and file a response to counsel's brief. Counsel also advised Appellant of her right to file a petition for discretionary review. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a response to counsel's *Anders* brief. In addressing an *Anders* brief, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree with counsel that no arguable grounds for appeal exist.[1]

We note, however, that the judgment contains a nonreversible error. In the judgment, the trial court ordered Appellant to pay court costs, including a Time Payment Fee of $25.00 pursuant to Section 133.103 of the Texas Local Government

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

Code. *See* TEX. LOC. GOV'T CODE ANN. § 133.103 (West Supp. 2018). We recently held that subsections (b) and (d) of that section are facially unconstitutional because the collected fees are allocated to general revenue and are not sufficiently related to the criminal justice system. *See King v. State*, No. 11-17-00179-CR, 2019 WL 3023513, at *1, 5–6 (Tex. App.—Eastland July 11, 2019, pet. filed) (mem. op., not designated for publication). Accordingly, the trial court erred when it assessed a Time Payment Fee under Section 133.103, subsections (b) and (d) of the Texas Local Government Code as a court cost. *See id.*

When the trial court erroneously includes fees as court costs, we should modify the trial court's judgment to remove the improperly assessed fees. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013). We, therefore, modify the trial court's judgment to delete $22.50 of the Time Payment Fee assessed as court costs, leaving a Time Payment Fee of $2.50. *See King*, 2019 WL 3023513, at *5–6.

We grant counsel's motion to withdraw and affirm the judgment of the trial court as modified.

PER CURIAM

August 30, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.